87 F.3d 1324
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant
v.
Emanuel LACY; Gerome Lacy; Lamar Lacy; Goldie Lacy;
Anthony Perry; Gordon Henderson; Marvin Hardeman; Henry
Scott; James H. Davis; Luis Orozco; Jose Luis
Padilla-Ozuna; Emmitt Granville; Willie Young; Damien
Drew Rivers; Maurice Herring; Lavarrisse Jones; Mary
Cross, Defendants-Appellees.
 No. 95-10398.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 13, 1996.
 
 1
 Before: REINHARDT and HALL, Circuit Judges, MERHIGE,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 The United States appeals the dismissal of two counts of a 97-count indictment. The two counts dismissed were RICO charges, for participation in racketeering activity in violation of 18 U.S.C. § 1962(c), and for conspiracy to engage in racketeering activity in violation of 18 U.S.C. § 1962(d). The district court dismissed the RICO counts because the indictment did not sufficiently allege the existence of a RICO enterprise separate from the predicate acts of racketeering. We affirm.
 
 
 4
 Under RICO, the government must allege "both the existence of an 'enterprise' and the connected 'pattern of racketeering activity.' " 18 U.S.C. § 1962(c) and (d); United States v. Turkette, 452 U.S. 576, 583 (1981). An "enterprise" is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). To establish the existence of an associated-in-fact enterprise, the government must allege facts sufficient to support a finding that the enterprise is " 'an entity separate and apart from the pattern of [racketeering] activity in which it engages.' "[1] Chang v. Chen, 80 F.3d 1293, 1298 (9th Cir.1996) (quoting Turkette, 452 U.S. at 583).
 
 
 5
 To establish the enterprise element the government must allege more than just the predicate acts of racketeering, "[a]lthough the evidence used to establish an enterprise and a pattern of racketeering activity may in particular cases coalesce." Chang, 80 F.3d at 1299. Nevertheless, "[a]t a minimum, to be an enterprise, an entity must exhibit 'some sort of structure ... for the making of decisions, whether it be hierarchical or consensual.' The structure should provide 'some mechanism for controlling and directing the affairs of the group on an on-going, rather than an ad hoc, basis.' " Id. (quoting United States v. Riccobene, 709 F.2d 214, 222 (3d Cir.), cert. denied, 464 U.S. 849 (1983)).
 
 
 6
 Although it is "not necessary to show that the organization 'has some function wholly unrelated to the racketeering activity,' " the government must "show that the organization has an existence beyond that which is merely necessary to commit the predicate acts of racketeering." Id. In this case, we find that the government did not allege a structure to the Perry/Lacy organization beyond that which was inherent in the predicate racketeering acts. The description given in count 96 fails to allege the existence of any structure for decision-making, either hierarchical or consensual. Count 96 merely alleges that each of the nine defendants participated in various of the predicate acts. Indictment Count 96 p 5 (ER 63-64).
 
 
 7
 Count 1, which is incorporated by reference into count 96's list of racketeering acts, does include some language suggesting management of the coconspirators' activities. (ER 3-5). All nine defendants charged in Count 96 are described as overseeing, directing, and assuming responsibility for certain segments of the drug trafficking conspiracy. By itself, this does not establish any decision-making structure. At most it indicates that each participant performed a specific ongoing function in furtherance of the predicate racketeering acts. See Chang, 80 F.3d at 1300 (noting that each defendant performed the same function in each transaction, but that there was no decision-making apparatus that guided them in their respective duties). Count 1 also alleges that several of the defendants are the "trusted employees of defendants Emanuel Lacy and Gerome Lacy," perhaps suggesting a hierarchical structure. Indictment Count 1 p k (ER 4). However, this "employment" consisted of nothing more than carrying out the predicate acts. Without more, these allegations do not sufficiently establish any decision-making structure to this conspiracy, beyond that required to coordinate the predicate acts.
 
 
 8
 In addition, the indictment does not indicate any other activities carried out by these individuals as an association in fact, beyond the activities comprising the predicate acts. See, e.g., Chang, 80 F.3d at 1299 ("The function of overseeing and coordinating the commission of several different predicate offenses and other activities on an on-going basis is adequate to satisfy the separate existence requirement.") (internal quotations omitted); see also Blinder, 10 F.3d at 1474 & n. 5 (noting that evidence that the enterprise engages in legal activities in addition to the alleged racketeering activities is probative of separate existence). For example, the indictment alleges that the defendants engaged in "intimidation and violence in order to protect their narcotics sales and stockpiles from rivals," and retaliated against rival narcotics traffickers for perceived acts of violence against associates of the alleged enterprise. Indictment Count 96, pp 2-4 (ER 62-63). These general allegations encompass many of the predicate acts, and otherwise are part and parcel of most, if not all, drug trafficking conspiracies. In short, they do not sufficiently allege any RICO enterprise distinct and separate from the organization inherent in the pattern of racketeering activities.
 
 
 9
 Without allegations establishing a distinct and separate enterprise, the RICO counts in this indictment do not sufficiently allege all the elements of the charged offense. Therefore, the district court did not err when it dismissed count 96 and 97 of the indictment. The district court order is therefore AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. Robert R. Merhige, Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Chang was a civil RICO case, this standard applies with equal force in a criminal RICO action. See Chang, 80 F.3d at 1297 n. 1. The substantive provisions of §§ 1961 and 1962 apply in both civil and criminal RICO cases, with the only difference being in the remedies available. Compare 18 U.S.C. § 1963 with 18 U.S.C. § 1964. Therefore, the definition of "enterprise" is the same for both civil and criminal RICO